# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-043-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER REVOKING RELEASE |
| SENANDO DIPLAC ADAJAR, | ) | 18 U.S.C. §§3148(b) and 3143(A) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The United States moved for revocation of defendant's release, alleging three violations of the conditions of release. The Court conducted an evidentiary hearing on the alleged violations on April 28, 2006. The court heard the testimony of Brenda L. Amundson, U.S. Pretrial Services Officer and considered an exhibit consisting of an admission of drug use signed by the defendant.

Based upon all of the evidence presented at the hearing, the court finds that defendant has violated the conditions of supervision as follows:

1.   Senando Adajar has violated the standard bond condition that he not use, consume, or possess any controlled substance, including medication, without a physician's prescription, by consuming methamphetamine on or about January 15, 2006.

ORDER REVOKING RELEASE
18 U.S.C. §§3148(b) and 3143(A)
PAGE 1

2. Senando Adajar has violated the special bond condition that he comply with all other court orders and terms of supervision by using methamphetamine on or about January 15, 2006 in violation of his Drug Court diversion agreement.

3. Senando Adajar has violated the special bond condition that he reside at the halfway house by failing to report to the halfway house as directed on January 18, 2006.

The Court finds that there are no conditions or combination of conditions which will assure that defendant will appear and will not pose a danger to other persons, if released again; and further finds that defendant is unlikely to abide by any condition or combination of conditions set by the Court.

It is therefore ORDERED, that defendant's bond is REVOKED, pursuant to 18 U.S.C. §3148(b) and that:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4.  The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, and to the Honorable Marsha J. Pechman, to the United States Marshal, and to the U.S. Pretrial Services Officer.

DATED this <u>28th</u> day of April, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge